BAKER v. CLARK et al.

(Circuit Court of Appeals, Eighth Circuit. February 19, 1900.)

No. 1,102.

CARRIERS—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.
Plaintiff's evidence tended to show that as he stepped from defendant's train at a station in the night, where it was too dark for him to see well, he was tripped by a hose that was being drawn along the platform by employés of defendant, close to the steps of the car, and fell, and was injured. Defendant's evidence was to the effect that the hose was lying still on the platform, not less than 2½ feet from the car steps, and that the place was well lighted. *Held* that, in view of such conflict in the evidence as to material facts, it was error to direct a verdict for defendant.

In Error to the Circuit Court of the United States for the District of Colorado.

John S. Mosby, Jr. (John G. Taylor, on the brief), for plaintiff in error.

Willard Teller (H. M. Orahood, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an action by Allen Baker, the plaintiff in error, who was also the plaintiff below, to recover damages for injuries which he claims to have sustained as he was in the act of alighting from a railway train of the Union Pacific Railway Company, which was at the time being operated by the defendants in error as receivers of that road. The trial court withdrew the case from the consideration of the jury at the conclusion of all the testimony, and the question which the record presents for our determination is whether such action was erroneous.

The evidence offered in behalf of the plaintiff was to the following effect: He testified, in substance, in his own favor, that he took passage on the night of November 15, 1896, on a train of the Union Pacific Railway Company, which was being operated by the defendants in error in their capacity as receivers, for the purpose of going from Denver, Colo., to Cheyenne, Wyo.; that he purchased a ticket for the trip, and was accompanied on the journey by his wife and some friends; that the train drew into the station at Cheyenne about 10 minutes past 10 o'clock p. m. of that night; that he was not familiar with the surroundings, never having had occasion to alight from a train at that station; that he rode in a chair car, which was next to the sleeper, and that he descended to the platform at the rear end of the car; that the lowest step of the car was about a foot above the depot platform; that, owing to the darkness, he could not in his position see any small object lying on the platform; that in attempting to alight from the car, the same being at rest, he was thrown down very violently by stepping on, or by coming in contact with, a hose which was used at that station for watering cars. He further testified that the hose was at the time being dragged along the platform from the front towards the rear end of the train,

and was close to the edge of the platform, being not more than 15 or 18 inches from the car step; that he was tripped up by the moving hose; that he did not see it before he came in contact with it and fell, but that he knew that the hose was in motion at the time, and being drawn along the platform, because he felt it move under his feet when he fell; and that, in consequence of being thus tripped up, his ankle was broken or badly strained, and that he was disabled from using his leg for several months. Another witness and friend of the plaintiff, who accompanied him on the journey from Denver to Cheyenne, testified, in substance, that he was immediately behind the plaintiff as the latter stepped down from the chair car on the occasion of the accident; that the plaintiff had a grip in his hand, and that as he stepped on the platform, or was in the act of doing so, one of his feet came in contact with a hose, and that he immediately pitched forward and fell. This witness further testified, in substance, that immediately after the plaintiff fell he saw two men at the rear end of the sleeping car, and that these men had hold of the hose, and were standing on the steps of the sleeping car, with the hose in their hands. The defendants, on the other hand, introduced testimony which tended to show that when the plaintiff sustained the injuries of which he complains the depot platform was well lighted; that the hose complained of was lying on the depot platform, and could be plainly seen; that it was not being dragged along the platform at that time, as the plaintiff's testimony tended to show; that it was not even attached to the hydrant, but was lying lengthwise on the platform, at least $2\frac{1}{2}$ feet from the steps of the car from which the plaintiff alighted; and that no occasion existed for using the hose that night to supply the sleeping car with water, because the car in question did not need water.

It is apparent, therefore, that there was a conflict in the testimony concerning the following issues, namely: Whether the plaintiff came in contact with, and was tripped up by, the hose; whether it was at the time being dragged along the platform in close proximity to the steps of the car by persons in the employ of the receivers; whether there was adequate light at the place where the plaintiff fell to render all objects on the platform plainly visible; and whether the plaintiff himself, on the occasion of the accident, exercised ordinary care. These were severally and collectively issues of fact, which should have been submitted to the jury for their determination, since it is impossible to say that all reasonable persons who listened to the evidence must have concluded that the defendants were wholly right in their contention, and that the plaintiff was wholly wrong. We are satisfied by an inspection of the record that many persons might, with good reason, conclude that the plaintiff's fall, and consequent injuries, were occasioned by the dragging of the hose in too close proximity to the cars as passengers were alighting from the train. The fact that the plaintiff's injuries were not so occasioned, but were due to sheer accident or to a want of ordinary care on his part, was not so conclusively established, either by uncontradicted circumstances or evidence, as to justify the court in withdrawing the issues from the jury. The case was one which was peculiarly appropriate for a jury, in view of the conflicting evidence concerning the position of the

hose and where it was lying, and what was being done with it, at the time .the injuries were sustained. Moreover, if the jury had been satisfied by the evidence, and had so found, that the hose in question was being dragged along the platform, or that it lay on the platform in close proximity to the train, and in such a position as to obstruct passengers who were in the act of alighting from the cars, and render their exit more difficult, and that the injuries complained of were due to that fact, the plaintiff himself being in the exercise of ordinary care, then we have no doubt that the defendants did not exercise that high degree of care which a carrier owes to its passengers, and that the plaintiff was entitled to recover. The judgment below is accordingly reversed, and the case is remanded for a new trial.